USCA1 Opinion

 

 June 1, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2308 RAFAEL RAMOS-SERRANO, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ _________________________ appellant. Daniel F. Lopez-Romo, United States Attorney, Jose Vazquez ______________________ _____________ Garcia, Assistant United States Attorney, and Jessie M. Klyce, ______ _________________ Assistant Regional Counsel, Region I, Department of Health and Human Services, on brief for appellee. ____________________ ____________________ Per Curiam. We have reviewed the parties' briefs and __________ the record on appeal. We affirm the judgment of the district court, dated October 1, 1992, essentially for the reasons stated in the magistrate judge's report and recommendation, dated July 28, 1992. We need add only the following comments. Contrary to the claimant's contention, the administrative law judge (ALJ) did not fail to address the residual functional capacity (RFC) report of Dr. Castrodad, dated October 30, 1985. At the hearing on May 8, 1990, the ALJ pointed out that it was contradicted by the testimony of the medical advisor (MA). Furthermore, for the most part, that RFC appears based on the subjective complaints of the claimant, as Dr. Castrodad's own examination found only "tenderness along paravertebral muscles" and, as to inability to do work, Dr. Castrodad's only comment was that the claimant not do any work requiring the handling of food. The RFC report of Dr. Cestero, dated May 22, 1987, (well beyond the expiration of the claimant's insured status, we add) was also properly rejected by ALJ as based solely on claimant's own report of his history. Dr. Cestero, herself, reported that her examination of claimant, as well as the x-rays, were negative. We also conclude that, even if as claimant contends, he had recurring dizzy spells, the ALJ could properly rely on theMA's determinationthat theywere notof adisabling severity. Affirmed. ________